UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYLER P., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:20-cv-05263-BAT <br><br> **ORDER AFFIRMING AND DISMISSING CASE** |

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously failed to (1) account for his headaches, panic disorder and sleep disorder in determining his residual functional capacity (RFC); (2) provide germane reasons to rejects the lay testimony; and (3) provide valid reasons to reject his testimony. Dkt. 20 at 1. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**DISCUSSION**

**A.   Evaluation of Plaintiff's Symptoms**

Plaintiff contends the ALJ harmfully erred by failing find "Panic and Sleep Disorders" are severe impairments at step-two; plaintiff's headaches and fatigue interfere with his ability to stay-on-task; and he cannot function when he has a panic attack. Dkt. 20 at 2-3. The contention

ORDER AFFIRMING AND DISMISSING CASE - 1

melds a claim the ALJ erred at step-two, with a claim the ALJ also erred in failing to account for all of plaintiff's mental limitations in the RFC determination.

At step two, plaintiff has the burden to show (1) he has a medically determinable impairment or combination of impairments and (2) the impairment or combination of impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). An impairment is medically determinable if it results from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1508. To be medically determinable, a physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings. *Id.* On the other hand, symptoms are the claimant's own descriptions of his physical or mental impairment. 20 C.F.R. § 404.1528(a). A claimant's statement of symptoms alone is not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1508, 404.1528(a).

Plaintiff fails to meet his burden. His opening brief does not point to anything in the record establishing Panic or Sleep disorder are medically determinable impairments. He bears the burden of showing the ALJ erred and the error is harmful and fails in this regard. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *see also Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Plaintiff's claim the ALJ is a conclusory statement and a claim unsupported by explanation or authority, may be deemed waived. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir.1996) (party who presents no explanation in support of claim of error waives issue); *see also Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir.2003).

1        Moreover, the ALJ discussed plaintiff's testimony he has "headaches," "severe anxiety,"
2   "sleep problems," and the "lack of ability to concentrate, understand and following instructions,"
3   and the "inability to complete tasks." Tr. 44. The ALJ also discussed the medical evidence
4   regarding these symptoms. The ALJ acknowledged examining doctor Bruce Duthie, Ph.D. noted
5   plaintiff "reported headaches and fatigue," but "stated the claimant is able to go to school, noting
6   he is currently enrolled in college. He identified no reason the claimant could not work." Tr. 45.
7   The ALJ also noted examining doctor Jimi James, Ph.D. saw plaintiff for depression, anxiety and
8   memory problems, but the doctor found plaintiff's functioning "did not appear significantly
9   impacted by those symptoms." *Id.* The ALJ observed plaintiff's mental health treatment records
10  mentioned plaintiff reported anxiety when leaving the house but that he was also engaging,
11  relaxed and cooperatice when meeting with his treating sources. Tr. 46.

12       The record thus shows the ALJ considered plaintiff's symptom testimony, and discounted
13  plaintiff's claims as inconsistent with the medical record. *Id.* Thus, even assuming the ALJ erred
14  by failing to find Panic and Sleep Disorders are severe impairments at step two, the failure is
15  harmless as the ALJ ultimately considered the symptoms and rejected them as disabling.

16       In his reply brief plaintiff argues the ALJ erroneously excluded Dr. Duthie's opinion that
17  plaintiff would have "difficulties in carrying out simple instructions." Dkt. 22 at 6. Dr. Duthie
18  opined:

19  > Mr. P. will have mild difficulty understanding, remembering, and
20  > carrying out simple instructions. He will hae mild difficulty in his
20  > ability to make judgments on simple work related decisions. He
20  > may have moderate difficult understanding, remembering and
21  > carrying out complex instrutions.

22  Tr. 875. The ALJ found plaintiff retains the RFC to "understand, remember, and apply
23  instructions in order to perform simple routine tasks," Tr. 43, and could perform work such as

ORDER AFFIRMING AND DISMISSING CASE - 3

1  "laudry folder." Tr. 49. The Court cannot say the ALJ's RFC determination is an unreasonable

2  deviation from Dr. Duthie's opinion about plaintiff's ability to carry out simple instructions. This

3  is buttressed by Dr. Duthie's prognosis that "Mr. P is able to go to school; he is currently

4  enrolled in college. He has friends he associates with. There is no particular reason [he] couldn't

5  work on a full time basis over the next year." Tr. 875. The Court accordingly declines to adopt

6  plaintiff's contention the ALJ erroneously rejected or failed to include a limitation assessed by

7  Dr. Duthie.

8  **B.      Plaintiff's Testimony**

9         The ALJ did not find malingering and thus was required to making specific findings

10 stating clear and convincing reasons supported by substantial evidence to reject plaintiff's

11 testimony.  *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Plaintiff argues the ALJ

12 erroneously rejected his testimony as "not fully consistent with the record." Plaintiff contends the

13 ALJ applied the wrong legal standard because an ALJ may not reject his testimony "solely

14 because the available objective medical evidence does not substantiate your statements."  Dkt. 20

15 at 9-10. But the ALJ did not reject plaintiff's testimony solely because of the lack of objective

16 medical evidence.

17        Rather the ALJ validly rejected plaintiff's testimony as inconsistent with medical

18 opinions of record. Tr. 46. *See Smolen v. Chater*, 80 F.3d at 1284 (ALJ may permissible discount

19 a claimant's statements as inconsistent testimony from physicians or other witness concerning

20 the nature, severity, and effect of the symptoms of which claimant complains). For instance, the

21 ALJ found Dr. Duthie's opinion "highly persuasive" Tr. 48, and as noted above while the doctor

22 assessed some limitations he also opined there was no particular reason plaintiff cannot work.

23 Plaintiff has not argued Dr. Duthie's opinion is invalid or the ALJ should not have relied upon it

to discount his testimony. The Court thus finds the ALJ provided a clear and convincing reason to discount his testimony supported by substantial evidence.

Plaintiff also challenges some of the other reasons the ALJ gave to discount his testimony. However, even assuming these other statements are erroneous, the error would be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**C.    Lay Testimony**

Plaintiff contends the ALJ erred in discounting the testimony of Rachel H., Wes H. and Wayne P. The ALJ stated the record contains a third party statement from plaintiff's mother Rachel H. and rejected it because it "contradicts the medical testing" and is not supported by the medical evidence of record "as discussed throughout the decision." Tr. 48.  Rachel H. and plaintiff provided similar testimony and thus the reasons for which the ALJ discounted plaintiff's testimony apply equally to Rachel H. under *Molina v. Astrue, supra.*

Plaintiff argues the ALJ did not mention Wes H. or Wayne P., was thus unaware these lay witnesses existed, and therefore did not read their statements. Dkt. 22 at 4. Plaintiff contends *Molina* does not apply to these lay witnesses because in *Molina* "the ALJ stated that the rationale for her credibility determination "include[d] reference to ... the third party statements submitted in support of the claimant." This statement establishes that the ALJ reviewed the lay witness testimony in the record." *Molina v. Astrue*, 674 F.3d 1114.

But similar to *Molina*, the ALJ here stated "**I have reviewed the third party statements** in the record but I find **them** wholly unpersuasive." Tr. 48 (emphasis added).  The ALJ goes on

to "these **statements** are one part of the record . . . I conclude these **statements** do not show the claimant is more limited . . . " *Id.* Hence contrary to plaintiff's claim the record indicates the ALJ was aware there was more than one lay statement, specially stated he reviewed the third party statements, and thus *Molina* applies to Wes H. and Wayne P. The Court accordingly will not disturb the ALJ's assessment of the lay testimony.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 19th day of November, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge